1834.

Rogers
v.
Paterson.

---

## ROGERS and others *vs.* PATERSON.

The order for the revival of a cause upon petition, should be entitled as in the original cause at the time of the abatement; but all subsequent orders and proceedings must be entitled in the cause as revived.

An appeal lies from an order of the court of chancery directing a suit to stand revived against the representatives of the deceased party, if the rights of the appellant are in any way affected by such revival of the suit.

The assistant register, or a clerk of the court, is not authorized to approve of the appeal bond upon an appeal entered with the register. The bond must be approved by a vice chancellor, or injunction master, or by the officer of the court in whose office the appeal is entered.

A party in contempt cannot apply to the court for a favor until he has purged the contempt, by complying with the former order of the court.

The advice of counsel cannot protect a party in disobeying an order of the court, or prevent the adverse party, whose remedy is impaired or impeded by such disobedience, from proceeding as for a contempt to compel a compliance with the order.

*May 26.*

AFTER the decision of the court for the correction of errors, in this cause, the suit was revived, upon the petition of the defendant, against the executors of J. Taylor, deceased, as complainants with the surviving complainants in the original suit. And a decree was thereupon made, in conformity with the decision of the appellate court, referring it to Master Codwise to take an account of the $20,000 legacy given by J. Ellis, deceased, to the defendant's deceased wife, and of the accumulations and increase thereof, and of the stocks, securities and other property in which the same was invested; and ordering Nehemiah Rogers and Mary Ellis, the surviving executors of J. Ellis, and J. Johnson and J. S. Taylor, executors of J. Taylor deceased, the present complainants, to appear before the master, and execute and deliver to the defendant Paterson such transfers, assignments, or other conveyances, of the stocks, securities, or other property, as the master should re-

quire ; and to pay to the defendant such sums of money be-longing to the fund, and the accumulations thereof, as should appear to be in the hands of the said Nehemiah Rogers and Mary Ellis, or to have been in the hands of J. Taylor, deceas-ed, at the time of his death, and which should appear to be in the hands of the executors of the latter, or in the hands of any or either of them ; with liberty to any of the parties to apply to the court of chancery from time to time for such fur-ther directions as might be necessary or proper to carry the said decree of the court for the correction of errors into full effect.(a) A copy of the order was served on the solicitor of the complainants, and also on N. Rogers, M. Ellis, and J. Johnson, personally, on the 18th of April, 1834 ; together with a summons from the master to appear before him on the 21st of the same month, to proceed upon the decree, and to execute and deliver to the defendant transfers of the stock, securities, and other property, and to produce an inventory and an account of the funds and property, in the form of debt-or and creditor. But on the return day of the summons, the executors of Taylor, acting under the advice of their counsel, refused to attend before the master. The defendant, there-upon, obtained an order from the chancellor, directing J. John-son, one of those executors, upon whom the summons had been personally served, to show cause why he should not be punished for his misconduct in neglecting or refusing to obey the summons. Johnson put in an affidavit, stating that the reason why he did not attend before the master upon the re-turn of the summons was because he had determined to ap-peal from the decretal order, reviving the suit and directing the decree of the court of errors to be carried into effect ; and that he was advised his attendance before the master might prejudice the rights of the executors of Taylor upon the ap-peal. That he did so appeal from the decretal order, and that he executed the usual bond, with sureties, for the prosecution of the appeal, which was approved and filed with the assistant register on the first of May. The order appealed from was en-tered with the register, and the appeal was filed in his office.

(a) See ante, 418, S. C.

It was also suggested in the affidavit that the summons was wrong, being entitled in the suit as it was directed to stand revived, while the decree itself was entitled in the cause as it stood previous to the revival.

*D. Lord, jun.* for the defendant Paterson.

*A. Van Vechten & T. L. Ogden,* for Johnson.

THE CHANCELLOR. There is no irregularity in this case, in the entitling of the summons, or of the decretal order. Until the cause was revived against the executors of Taylor, their names could not properly be inserted, in the title of the cause, as complainants with the surviving executors of Ellis. But that order, of itself, changed the title of the cause, and the summons, and all proceedings subsequent to the order of revival, are properly entitled in the suit as revived. The directions for carrying into effect the decree of the court for the correction of errors being in the same order which directed the revival, it was not necessary to change the title until some further proceeding in the cause was necessary.

The decretal order of the fifteenth of April, in addition to the directions for carrying into effect the decision of the court for the correction of errors, also contains the interlocutory order, directing the suit to stand revived in the names of the executors of Taylor as complainants, in connection with the surviving executor and executrix of Ellis. And even if the counsel for the defendant is right, in supposing that no appeal lies from an order of the court of chancery, founded upon the remittitur, for the sole purpose of making the decree of the court for the correction of errors a decree of this court, yet an appeal lies from the interlocutory order directing the revival of the suit against the executors of Taylor ; as that question has never been passed upon by the court of appeal. The order of revival also is an order which materially affects the rights of the executors of Taylor, if it should turn out that this court is in the wrong. For if the defendant cannot revive this suit against them, it is evident he can never recover from them the legacy decreed to him by the appellate court ; the prin-

1834.

Rogers
v.
Paterson.

cipal part, if not the whole of which legacy appears to have been in Taylor's hands, or to have been mixed with his own funds, at the time of his death.

It is not necessary for me to inquire whether an appeal, under the peculiar circumstances of this case, would have stayed the proceedings on that order, provided the appeal had been perfected before the contempt had been committed, but without giving security for the amount due, or bringing the securities in which the fund was invested, into court, as it appears from Johnson's own showing that no regular appeal was entered, within the fifteen days allowed for appealing. The 117th rule of this court directs the appeal to be filed in the office of the register, or assistant register, with whom the decree or order appealed from is entered ; and the 7th rule of the court for the correction of errors directs the petition of appeal, addressed to that court, to be filed in the same office. The affidavit of Johnson shows that the appeal was sent to the office of the register, where the order appealed from was entered in conformity with the rule of this court, to be filed. But this was not all that was necessary to make a valid appeal. The statute declares that the appeal shall not be valid for any purpose until a bond, in the penalty of $250, with sureties to be approved of by such officer of the court of chancery as the chancellor may designate for that purpose, shall be given to the adverse party. (2 R. S. 605, § 80.) A bond has been filed in this case in the office of the assistant register ; but it has not been approved of by an officer of the court who was authorized to approve thereof on this appeal. The rule of the court contemplates the filing of the appeal bond in the office where the appeal is entered, so that the officer who is to make the return to the appellate court may know that an appeal has been properly entered and perfected. Hence the 116th rule provides, that the bond may be approved of by the register, assistant register, or clerk, *with whom the appeal is entered.* But the assistant register, or a clerk of the court, is not authorized to approve of an appeal bond on an appeal entered with the register. The bond must in all cases be approved of by a vice chancellor, or an injunction master, or by the officer of the court in whose office the appeal is to be entered.

Here, the affidavit of Johnson shows that the bond, instead of being approved of and filed with the register, was approved of by the assistant register. The approval of the bond by the proper officer, who has been designated by the court for that purpose, being a statutory provision, although it was a mere formality in this particular case, is a formality which the court cannot dispense with. In conformity with the provisions of the statute, I am therefore bound to say that the appeal was not effectual for any purpose ; and that it cannot stay the proceedings against Johnson under the order appealed from.

If the executors of Taylor wished to stay the proceedings before the master, their proper course was to have entered their appeal immediately, and to have given the requisite security as required by the statute. And not having done that before the return day of the summons, they were guilty of a contempt of the court in neglecting or refusing to attend before the master. A copy of the decretal order of the 15th of April, and of the master's summons, was served on the 18th of the same month at New-York. If the fact that one of the executors of J. Taylor was a few miles from the city, afforded a sufficient excuse for delaying the appeal until after the return day of the summons, yet it appears that the appeal was signed and the bond executed, by both executors, on the 24th of April ; and no reason, whatever, is given for the delay to have the appeal bond approved and filed, so as to perfect the appeal, until a week afterwards. The counsel for the defendant is, therefore, probably right in supposing that the object of the appellants was to delay the entering of the appeal until after the adjournment of the court for the correction of errors, so that the defendant could neither move to dismiss the appeal during the session of the legislature, or obtain a hearing thereon at the next special term of the court during the recess. Even if this court had the power to afford relief to the appellants, by permitting a bond with proper security to be approved and filed at this time, yet as they are in contempt for refusing to obey the master's summons, they cannot come here to ask a favor of the court until they have purged that contempt, by complying with the order of the court,

and paying the costs of these proceedings. (*Johnson* v. *Pinney*, 1 *Paige's Rep.* 646.)

An order must therefore be entered, adjudging and declaring that J. Johnson, one of the executors of J. Taylor, has been guilty of a contempt of this court, in neglecting to appear before Master Codwise, under the decretal orders of the 7th of January and the 15th of April last, on the reference to take an account of the legacy of $20,000, and of the accumulations and increase thereof, and of the stocks, securities and other property in which the same is invested; and in neglecting to execute and deliver to the defendant, under the direction of the master, the assignments and other conveyances of the said stocks, securities and other property, as directed by the orders of this court; and also in neglecting to produce before the master an inventory and an account, upon oath, of the said funds and property, in the form of debtor and creditor. The order must also adjudge and declare, that such misconduct of Johnson was calculated to, and actually did impair, impede and prejudice the remedy of the defendant in this suit; and that for such misconduct the said Johnson pay a fine of twenty-five dollars, (which sum is probably less than the actual amount of the defendant's taxable costs;) and that the said J. Johnson be committed to the common gaol of the city and county of New-York, until he shall have paid the said fine, which is to be paid over to the solicitor of the defendant, by the sheriff, to satisfy the costs and expenses of these proceedings; and also until he shall make and produce before the master, on oath, an inventory of the said funds and property, and an account thereof in the form of debtor and creditor, and shall also make, execute and deliver to the defendant such assignments and other conveyances of the stock, securities and other property in which the said legacy of $20,000, with the accumulations and income thereof, is invested, as the master shall direct, in conformity with the said orders of this court; and that process of commitment issue, accordingly, to the sheriff of the city and county of New-York. But the sheriff is to discharge him, upon the payment of the fine, and upon the production of the certificate of the master

that he has complied with the terms of the order of commitment. The sheriff must also attend with him, from time to time, before the master, as may be necessary, to enable him to comply with the order.

As the executors of Taylor have acted under the advice of counsel, and probably without any intention of contemning the process of the court, these proceedings may seem to be harsh. But they are in conformity with the directions of the statute, which the court is bound to follow in a case of this kind. And the advice of counsel cannot protect a party in disobeying an order of the court, so as to prevent the adverse party, whose remedy is impaired or impeded by such disobedience, from taking the necessary steps to compel a compliance with the order; although the fact that the party has acted in good faith, and under the advice of his counsel, may be sufficient to prevent the imposition of a fine beyond the actual amount of the injury sustained by the adverse party, and the necessary expenses of the proceedings. (*Hawley* v. *Bennet*, 4 *Paige's Rep.* 163.) In this case, as the party in contempt has acted under a mistake as to his legal rights, I presume the solicitor for the defendant will not think himself justified in actually enforcing the process of commitment, if the executors of Taylor, upon being informed of this decision, consent to go before the master, and comply with the orders of the court. That, however, is a matter of professional comity only, to be regulated by the solicitor's own sense of propriety; as to which the court will not interfere, or give any directions.