## HENRY C. ROBINSON *v.* FRANK D. OWEN.

Where costs are imposed on a party, as a penalty for not complying with a legal order or rule of court, and such party unreasonably declines to obey such order, his application for a favor will not be granted, except on the condition that he first purge his contempt.

Where a defendant consents to a default, but asks to be heard in damages, the court may properly refuse to hear his evidence, and may proceed to assess plaintiff's damages upon exparte testimony, as the only means left of vindicating their order.

THIS was an action of trespass for an assault and battery and stabbing with a knife. The defendant was defaulted, but moved to be heard in damages, which the parties agreed should be assessed by the court upon testimony on the stand. At the February Term, the case was continued on motion of the defendant, he to pay costs of the term within 60 days and tax none. And the plaintiff moved that the defendant should not

be permitted to be heard, or to cross-examine plaintiff's witnesses, because these costs had not been paid, and the defendant now declines to pay them, and the motion was granted by the court, and the defendant excepted. The court proceeded to assess plaintiff's damages at the sum of twenty-five dollars, and the defendant moves for a new assessment by reason of said exception.

*Minot & Mugridge,* for plaintiff.

*Eastman & Cross,* for defendant.

NESMITH, J. The defendant claims, as matter of right, that he shall be permitted, after consenting to a default, to go into the inquiry of plaintiff's damages, without having first paid the bill of costs which was imposed as a penalty in consequence of not being ready to try his action at the preceding term. Upon the neglect or refusal of the defendant to abide by or obey the order of the court, he was in contempt of their authority, and it was for the court, under the circumstances, to determine what was due to itself, and to the cause of public justice, and so far as possible to adopt the best course to enforce their own order, to vindicate themselves, and at the same time to protect the just rights of the parties.

Upon a subject of this nature the court can properly exercise a sound discretion ; having a self-protective power, justice may be meted out to some extent according to the circumstances of the case. Where a general power is given, or a duty enjoined, every particular power, necessary for the exercise of the one, or the performance of the other, is given by implication. *Heard* v. *Pierce,* 8 Cushing 345. The power to punish a disobedience of their reasonable orders is incidental to the more general and comprehensive authority conferred on a court, by means of which they are empowered to exercise their important public judicial functions. *Piper* v. *Pearson.* 2 Gray 120.

' In the State of New York, an interlocutory order to' pay costs is enforced by virtue of express statute law, prescribing the mode and form of attachment of the party disobeying the order of court. An attachment will be granted for the non-payment of costs for putting off a trial at the circuit. *Fulton* v. *Brunk,* 18 Wend. 509 ; *Hoadley* v. *Cuyler,* 10 Wend. 594 ; *Dows* v. *Boughton,* 3 Hill 452. What is done in New York by express statute, we do here to a large extent under our implied common law discretionary power, regulated by our published rules, and a long established usage under them.

In the case before us, it is argued by defendant, that, under our practice, the more common remedy prescribed by the court for the punishment of a defendant, admitted to be in contempt, is to order a default of his action. This may be true in general, because the party himself feels it to be a sufficient penalty for his disobedience. But, in this case, the defendant, knowing that he has violated the law, and that he has inflicted an injury on the plaintiff, in the first instance, admits his liability and voluntarily submits to a default. His first request, as a matter of *favor,* is that he may have further time to obtain testimony upon the

amount of damages to which plaintiff is entitled. Defendant obtains this *favor* upon the order to pay costs to the plaintiff, and these terms were complied with in 60 days. The subsequent term arrives. The plaintiff's costs are not paid, and in derogation of the letter and spirit of the rule, the defendant proposes to offer his testimony to reduce plaintiff's damages as a matter of right, and without offering to pay the terms imposed for the continuance of his action. The court here manifestly had the right to interpose their authority, and to see whether there was any virtue in their rule, and to inquire whether they would be conferring or denying a *favor* to the defendant by permitting him to offer his testimony, when he was, at the same time, in the acknowledged contempt of their rule.

Where a default would prove no punishment to the party offending, then it would become the court to impose a penalty in some manner to be felt. And we understand the court, in their discretion, did apply here the general and common rule : That where a party disobeys the order of court, his application for a *favor* will not be granted, except on condition that he purge his *contempt*. *Johnson* v. *Pinney*, 1 Paige Ch. Rep. 646 ; *Rogers* v. *Paterson*, 4 Paige Ch. Rep. 450 ; *Ellingwood* v. *Stevenson*, 4 Sandf. Chanc. 366 ; 1 Daniell Chanc. 655. The only *favor* asked for by defendant was to be heard in damages ; and, we think the court properly denied to the defendant even this privilege, so long as he stood in contempt, refusing to obey their previous order.

*Judgment on the verdict.*