SWIFT v. THE STATE, EX REL. CLARK.

CONTEMPT.—*Proceeding against Clerk for Failure to Pay Over Money.—
Arrest.—Decedents' Estates.—Affidavit.—Liability of Clerk and Sureties.
—Criminal Law.*—In a proceeding in the name of the State, on the relation of an affiant, against the clerk of a circuit court, for contempt of an order made by that court, the verified complaint alleged, that, in a proceeding by the relator against a distributee of the estate of a certain decedent, the court had adjudged that the relator was entitled to certain moneys theretofore paid to the clerk for such distributee, and ordered that the same should be paid by the clerk to the affiant ; and that demand therefor had been made upon the clerk, by the relator, prior to the making of such order, which he, in contempt of the court, had refused to obey.

*Held*, on demurrer, that the complaint was insufficient.

*Held*, also, that the demand alleged was insufficient.

*Held*, also, that, under the act of March 9th, 1875, 2 R. S. 1876, p. 17, the clerk and his sureties were liable, on his bond, for a failure to pay such money to the person entitled thereto, but that he can not be proceeded against for contempt of court in refusing to obey such order.

*Held*, also, that, for fraudulently withholding such money, he is liable to prosecution for a felony.

SAME.—*Fine.—Judgment.—Common Schools.*—The fine imposed by a court as a punishment for a contempt of its authority must be for the use of the common school fund of the State, and not for the benefit of the relator.

From the Franklin Circuit Court.

*B. F. Davis*, for appellant.

*W. M. McCarty*, for appellee.

NIBLACK, J.—At the April term, 1876, of the court below, in a proceeding entitled " The State of Indiana, on the relation of Ellen M. Clark, against Ferdinand S. Swift," the relatrix filed in said court a complaint verified by her affidavit, which, with some slight verbal alterations, was as follows :

" Ellen M. Clark complains and shows to the court now here, that heretofore, to wit, on the 14th day of March, 1871, William J. Peck paid into this court, upon his final settlement as administrator of the estate of Isaac Price, de-

ceased, as appears by the records of this court, for one Isaac
L. Price, one of the distributees of said estate, six hundred
and thirty-eight dollars and seventy-nine cents, and, also,
some cents over the sum of forty-one dollars; and that
afterward, upon a suit by and between the said Ellen M.
Clark, against the said Isaac L. Price and others, involving
the right and title of the said Ellen M. to said moneys by
transfer of the same by the said Isaac L. Price to her, it
was, by the judgment of said court, established and adjudged,
that the said Ellen M. Clark was entitled to said mon-
eys, to wit, the sum of six hundred and thirty-eight dol-
lars and seventy-nine cents, and the clerk of this court was,
by the judgment of the court, ordered and directed to pay
said moneys to the said Ellen, which said judgment was
rendered on the 20th day of May, 1876, and the said Ellen
shows that said moneys were then, and still are, in the
possession of Ferdinand S. Swift, the clerk and officer of
this court, and that she did, on the 8th day of May, 1876,
demand of said Swift said moneys, the same being then in
his hands and paid into court, who did then and there re-
fuse to pay her the same, acknowledging at the same time
that he had said moneys, in gross contempt of this court
and in defiance of its order herein, and she brings this
matter to the notice of the court and asks that he be amerced
in the amount of said moneys so awarded her by the
judgment of this court, for her use, and be committed un-
til the same is paid her, and for judgment against him for
the sum of six hundred and forty dollars and costs."

Upon the filing of this complaint, a writ of attachment
was issued for the defendant, Swift, and he was brought
into court in obedience to said writ. He then moved the
court to dismiss the attachment proceedings against him
for want of a sufficient affidavit to authorize or support
such proceedings, but his motion was overruled. He there-
upon demurred to the complaint for want of sufficient

facts to constitute a cause of action against him, but his demurrer was overruled.

After the overruling of his demurrer, the defendant answered, setting up the proceedings in detail, accompanied by copies of the pleadings and judgment in the case in which the relatrix alleged her right to the money claimed by her had been established, showing that he had not been a party to such proceedings, and alleging that those proceedings were so irregular and unauthorized that they would not afford him any protection against the claims of others if he should pay said money to the relatrix, and charging that she was a married woman and insolvent, and had declined to give him a bond of indemnity, or other security, for the repayment of the money in the event that it should be made to appear that she was not entitled to receive the same. Also disclaiming any intention to disobey any order of the court lawfully made in the premises.

The cause coming on to be heard on the complaint and answer, the court found that the relatrix was entitled to the money demanded in her complaint, that said money was then in the hands of the defendant, as clerk of said court, and that the defendant had failed and refused, after demand, to pay said money to the relatrix.

After overruling motions for a new trial and in arrest of judgment, it was ordered and adjudged by the court, that the defendant was in contempt of the court in disobeying its order and judgment establishing the relatrix's right to the money claimed to be due her by the complaint, and that he be amerced in the sum of six hundred and thirty-eight dollars and seventy-nine cents, to be paid to the relatrix, with costs of suit, and that he stand committed to the county jail for the period of ninety days, unless sooner discharged according to law.

While this was nominally a proceeding in attachment against the defendant for an alleged contempt of the au-

thority of the court, its real object appears to have been the recovery of a sum of money by the relatrix from the defendant, to which she claimed her right had been established by certain legal proceedings.

In consequence of the duplex character of the complaint, the whole ·proceeding seems to have been treated by the court as partly a criminal and partly a civil action.

It is alleged in the complaint, that the relatrix demanded of the defendant the money claimed to be due her, on the 8th day of May, 1876, and that her right to the money thus demanded was established on the 20th day of May, 1876. It was then made to appear that the relatrix demanded the money some twelve days before her right to it had been established, and before the judgment was rendered which it was charged the defendant had disobeyed. For this reason, if for no other, the complaint did not show the defendant to have been guilty of any contempt of the authority of the court.

But, suppose it had been alleged that the demand was made, and the defendant's refusal to pay had occurred, after the judgment in question was rendered, would such an allegation have laid a sufficient foundation for proceedings in attachment as for a contempt? We think not. The act of March 9th, 1875, 2 R. S. 1876, p. 17, declares the liability of clerks on their official bonds for all moneys paid into court, under its order, to the person entitled to receive said money from them.

The clerks are thus made the custodians of such moneys, and not the courts. The refusal, therefore, of a clerk to pay out any such money to any person entitled to receive the same, constitutes a breach of his official bond, for which a civil action may be maintained as in other cases of improper refusal to pay out money in his hands as such clerk; and, when such money is fraudulently withheld, the clerk may be prosecuted for a felony. 2 R. S. 1876, p. 450. But we

have no statute or precedent making even such fraudulent withholding a contempt of the authority of the court, of which he is the clerk.

In our opinion, the complaint before us did not, in any respect, make out a case of contempt of the authority of the court against the defendant.

Neither can the proceeding be sustained as a civil action. The complaint did not state facts which authorized either the arrest or the imprisonment of the defendant as a fraudulent debtor. It is only in cases of fraud that a debtor can be either arrested or imprisoned. See Bill of Rights, 1 R. S. 1876, p. 24, sec. 22; also 2 R. S. 1876, p. 84, sec. 104.

As the complaint was insufficient, it is unnecessary that we shall review the subsequent proceedings upon it.

We may remark, however, that, if it was the intention of the court to " amerce " or fine the defendant for a supposed contempt of its authority, then the fine ought to have been imposed, as in other criminal proceedings, for the use of the school fund of the State, and not of the relatrix. If it was the intention to render a judgment, as in a civil action, then there was nothing either in the complaint, or in the finding of the court, to justify an order for the imprisonment of the defendant.

In any view of the case, the judgment was both anomalous and erroneous.

The judgment is reversed, at the costs of the relatrix, and the cause remanded, with instructions to the court below to dismiss the proceedings, and discharge the defendant