ATCHISON, TOPEKA & SANTA FE RAILROAD CO. v. WILLIAM JENNISON, CIRCUIT JUDGE.

*Mandamus—Compelling witness to testify, under How. Stat., secs. 7455, et al —Court in which suit is pending, proper forum to appeal to.*

Relator, who is defendant in an equity suit pending in Kansas, commenced by a resident of Michigan, sought to take the complainant's testimony before respondent, under How. Stat., § 7455, et al., when complainant refused to testify. Respondent declined to commit him, and relator applies for a mandamus to compel the commitment of the witness for his contempt.

*Held*, that imprisonment, as a means of coercion for civil purposes, cannot be resorted to until all other means fail. That a court of equity can always compel a complainant to perform any conditions or make any disclosure which the court has a right to exact, by refusing to allow him to proceed except on condition of such performance or disclosure.

Mandamus.   Submitted February 16, 1886.   Refused February 19, 1886.

The facts are stated in the opinion.

*Alfred Russell*, for relator:

A statute which has been law in Michigan forty years is *presumably* constitutional from long practice and acquiescence: *Stuart v. Laird*, 1 Cranch, 299; and this Court, in supporting similar legislation, has often laid stress on the fact that such legislation antedated our present constitution, and was not intended to be repealed by it: *Daniels v. People*, 6 Mich. 388; *Rowe v. Rowe*, 28 Mich. 357. The policy of our law to invest circuit judges with such power, out of court, is illustrated by other statutes. A circuit judge at chambers, may commit a witness for refusing to testify before referees: How. Stat. § 7379; and referees do not exercise judicial power: *Underwood v. McDuffee*, 15 Mich. 361. So, a justice out of court, may commit for not testifying before arbitrators: How. Stat. § 8479; and a circuit court commissioner, whose powers are "identical" with those of a judge at chambers (*Rowe v. Kellogg*, 54 Mich. 208), may commit witnesses in proceedings to recover possession of land: How. Stat. §§ 8290, 8304. So, a judge out of court, may issue writs of habeas corpus, and remand to prison: How. Stat. §§ 8556, 8575, 8578. So, a circuit judge, acting as a chancellor, out of court, may issue a writ of ne exeat: *Bailey v. Cadwell*, 51 Mich. 222.

At common law similar powers were exercised for centuries: 1 Burr Pr. 104; Tidd's Practice, S. V. 4 Bac. Abr. 592; see, also, *Doswell v. Impey*, 1 B. & C. 163. There a commissioner in bankruptcy, who was not a court, was held to have power to commit for not answering, and not suable in trespass for false imprisonment. In New York and several other states, magistrates, examiners, masters in chancery, and judges at chambers have been invested with power to commit, which power has been sustained: Rapalje on Contempt, pp. 10, 75, 82, and cases cited, viz.: *People v. Brennan*, 45 Barb. 344; *Briggs v. Mackellar*, 2 Abb. Pr. 30; *Cobb v. Black*, 34 Ga. 162; *State v. Myers*, 44 Iowa, 580; *State v. Archer*, 48 Iowa, 310; *Com. v. Newton*, 1 Grant (Pa.) Cas. 453; *Brockman v. Augler*, 12 Ill. 277; in re Jenckes, 6 R. I. 18; as to the validity of a commitment under the act of 1846, *Matter of Adams*, 7 Mich. 452; as to what is judicial power, within the meaning of the constitution, *Risser v. Hoyt*, 53 Mich. 193. Supreme and circuit judges out of court, may commit offenders in cases not triable by justices; but this is not a "*judicial power*" forbidden by the constitution: *Allor v. Wayne Auditors*, 43 Mich. 100. Justices, when examining for commitment of offenders, cannot com-

mit witnesses for refusing to testify; but simply because the statute does not confer such a power,—not because the constitution has forbidden the enactment of such a statute : *Matter of Farnham*, 8 Mich. 89; *Matter of Morton*, 10 Mich. 208 (but see Manning, J.); *Matter of Hall*, 10 Mich. 210 (but see Manning, J.). A circuit court commissioner may perform the duties of a probate court, *under the act of 1846, which does not* conflict with the *constitution of 1850 : Kelley v. Edwards*, 38 Mich. 210.

The statute reads : The officer "*shall*" commit. The officer refuses on the sole ground that the statute is void. This Court should employ this writ to command him to execute the law, because it is not void. He is an inferior judicial officer of limited but *express* powers, refusing to act in a matter not of discretion. When he determines the questions to be "*pertinent,*" the *law* steps in and gives the party taking the deposition the right to have the witness committed, and compels the officer to do it. We have no remedy but this writ. When a contempt was not denied, and the judge, notwithstanding, refused to order a commitment, the appellate court gave relief : *People v. Healy*, 48 Barb. 564; *People v. King*, 9 How. Pr. 100; *Livingston v. Swift*, 23 How. Pr. 1. This Court itself has said that the questions of jurisdiction arising out of the determination, even of a court in contempt cases, are reviewable : *Romeyn v. Caplis*, 17 Mich. 455. Where there has been a regular committal by a *court*, it is reviewable by appeal and not by habeas corpus : *Matter of Bissell*, 40 Mich. 63. Mandamus was employed to reinstate an attorney disbarred without jurisdiction : *Ex parte Bradley*, 7 Wall. 364. Even if this writ should not be employed, the court should informally decide the *merits* as to the validity of the statute. This was done in *Olson v. Muskegon Cir. Judge*, 49 Mich. 89. The recent use of this writ in *Prosecuting Attorney v. Recorder of Detroit*, 59 Mich. 529, illustrates the flexibility of this remedy.

PER CURIAM. A suit in equity having been begun in Kansas against relator by one Fletcher, who lives in Detroit, he was summoned to appear before respondent, under the statute allowing witnesses to be examined in foreign suits before circuit judges and certain other officers. On being questioned upon certain matters relating to his own title, he refused to answer, and the circuit judge, on request made, declined to commit him, on the double ground of want of

power in himself, and of adequate means within the control of the court of equity where the suit is pending. Relator asks us for a mandamus to compel the commitment of Mr. Fletcher for his contempt until he submits to answer.

Imprisonment as a means of coercion for civil purposes is not allowed by law until other means fail. A complainant in a court of equity can always be compelled by that court to perform any conditions or make any disclosure which the court has a right to exact, by refusing to allow him to proceed in his cause until he does what he ought to do. This is a much better resort than duress, and is entirely sufficient.

We need not, therefore, consider whether such disclosures can be required at this early stage of the litigation. The Kansas court understands this better than we can. Neither need we consider the very serious questions of power and of propriety arising under our constitution and statutes. If we have power to interfere in such cases, this case does not require it.

The order asked for is denied.