HIRAM E. CAMPBELL *vs.* JUSTICES OF THE SUPERIOR COURT.

Suffolk. January 18, 1905. — March 3, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Contempt. Equity Jurisdiction.*

A plaintiff in a suit in equity, who is in contempt for failing to obey an injunction granted on a cross bill in the same suit, cannot go on with his case against the defendant as a matter of right, and this court will not grant a writ of mandamus directing the justices of the Superior Court to proceed with the hearing of his suit in that court.

Whether in a suit in equity the court properly can order a party, who is in contempt for failing to obey an injunction in the suit, to pay a sum of money to the adverse party in compensation for the damages caused by his violation of the injunction, *quære.*

PETITION, filed May 9, and amended June 3, 1904, for a writ of mandamus addressed to the justices of the Superior Court, commanding them to proceed with the hearing of a suit in equity pending in that court brought by the petitioner against the Carpenter-Morton Company and others.

The case came on to be heard before *Barker*, J. upon the amended petition and answer, and was reserved by him for determination by the full court, such decree to be entered as justice might require.

By the petition and answer, it appeared, that the suit in equity brought by the petitioner was to restrain the defendants from using certain secret formulas, alleged to belong to the plaintiff, used in the manufacture and sale of varnish stains, and for an

accounting; that the defendant Carpenter-Morton Company filed a cross bill on which it obtained a decree, declaring that Campbell had conveyed to the Carpenter-Morton Company the absolute right to manufacture, use and sell an article known as "Campbell varnish stain" and enjoining the petitioner from manufacturing or selling that article; that thereafter the petitioner continued to manufacture and sell the article and was adjudged to be in contempt of court, and that, after a finding that the petitioner was sane and morally responsible, a further decree was made adjudging the petitioner to be in contempt and ordering him to pay to the Carpenter-Morton Company the sum of $1,000 and costs within ten days; and that the petitioner failed to make the payment thus ordered.

*W. B. Grant & E. O. Achorn,* for the petitioner.

*G. W. Anderson,* for the respondents.

KNOWLTON, C. J.   This is a petition for a writ of mandamus to compel the justices of the Superior Court to proceed with the hearing of a suit in equity, upon exceptions to a master's report, and thereafter upon the merits.   We treat the reservation as a report of the questions of law which arise upon the record and the agreement of the parties, under the R. L. c. 156, § 7.   We do not think that the slight change in this section from the language of the Pub. Sts. c. 150, § 8, was intended to change the meaning of the provision, and it has always been held that a justice of the Supreme Judicial Court, sitting at the trial of an action at law, might report questions of law to the full court, without deciding them.

The petitioner, who is the plaintiff in that suit, is in contempt of the court for a violation of an injunction.   The principal question is whether a plaintiff who is in contempt has an absolute right to proceed in the trial, such that it is the legal duty of the court, upon his request, to permit him to go on.

The authorities agree upon the familiar doctrine that a party in contempt is not in a position to ask the court for any favor or indulgence.   1 Dan. Ch. Pl. & Pr. (5th Am. ed.) 504, 505 and notes.   *Hovey* v. *Elliott,* 167 U. S. 409, and cases cited.   *In re Wickham,* 35 Ch. D. 272.   *Clark* v. *Dew,* 1 Russ. & M. 103. *Ricketts* v. *Mornington,* 7 Sim. 200.   *Rogers* v. *Paterson,* 4 Paige, 450.   In *Hovey* v. *Elliott, ubi supra,* many cases were reviewed,

and it was held that when a defendant in equity has filed an answer and prepared a defence, the plaintiff cannot have his answer stricken from the files and the case go to judgment against him, because of his subsequent contempt. It was decided that such a proceeding, if enforced, would be a taking of property without due process of law. The case of *Walker* v. *Walker*, 82 N. Y. 260, which shows a different view, was criticised, and held to be without substantial support in the cases therein referred to. But the decision is not in conflict with the contention of the present respondents, that a plaintiff, while he is in contempt, cannot proceed to a trial upon the merits. The early English cases are conflicting on this point ; but those that are relied upon by the petitioner, (see *Wilson* v. *Bates*, 3 Myl. & Cr. 197 ; *Cattell* v. *Simons*, 5 Beav. 396 ; *Chatterton* v. *Thomas*, 36 L. J. Ch. 592,) seem to be practically overruled by *In re Wickham*, 35 Ch. D. 272, which holds that a plaintiff, who disobeys an order for the payment of costs on a preliminary matter, will not be allowed to proceed with his case. The principle is analogous to that which precludes a plaintiff who is nonsuited in an action at law from prosecuting a second suit until he has paid the costs, R. L. c. 203, § 11, and it is inconsistent with the petitioner's contention that a plaintiff who has failed to do that which properly is required of him in the case may insist upon a trial as a matter of right.

If a plaintiff prays for a decree against his adversary we are of opinion that the principles stated in the cases first cited should be applied to a request to proceed with the case to a final judgment, as well as to requests for preliminary favors. It is plain that misconduct of a plaintiff that is treated as a contempt often may be of such a kind as would make it impossible to go on with the case without great injustice to the defendant. Suppose, for illustration, that a plaintiff disobeys an order to produce books and papers which the defendant is entitled to have in evidence, or refuses to answer interrogatories, or questions put to him as a witness on the stand. It would be absurd to say that, while in contempt for disobedience of an order of this kind, a plaintiff would have a right to have the trial proceed.

The statement of the law in *Brinkley* v. *Brinkley*, 47 N. Y. 40, 49, is, that " a party in contempt . . . will not be permitted to ask for the favor of the court, nor to take any aggressive pro-

ceedings against his adversary." The following cases also tend to support this proposition, with greater or less force: *Rogers* v. *Paterson*, 4 Paige, 450. *Hazard* v. *Durant*, 11 R. I. 195. *Walker* v. *Walker*, 82 N. Y. 260. *Pickett* v. *Ferguson*, 45 Ark. 177, 191. *Allen* v. *Georgia*, 166 U. S. 138. *Robinson* v. *Owen*, 46 N. H. 38. In *Gordon* v. *Gordon*, 141 Ill. 160, 163, the court said: "Where a complainant is in contempt there may be cogent reasons for holding that his proceedings shall be stayed so long as he remains in contempt, under the well known maxim that 'he who seeks equity must do equity.'" In the opinion in *Atchison, Topeka & Santa Fe Railway* v. *Jennison*, 60 Mich. 232, are found these words: "A complainant in a court of equity can always be compelled by that court to perform any conditions . . . which the court has a right to exact, by refusing to allow him to proceed in his cause until he does what he ought to do." In *People* v. *Horton*, 46 Ill. App. 434, the court held that a defendant was not precluded from his right to defend by being in contempt, and added: "Had the suit been at his instance, and in such suit he, acting as one asking for relief, had been in contempt, a different question would have been presented." We are of opinion that a plaintiff, who is in contempt of court, cannot go on with his case against the defendant as a matter of right. In many cases it would be plainly wrong to permit him to do so. It is conceivable that in others his objectionable conduct may be of such a kind, and the circumstances of the case may be such, that the court, in the exercise of its discretion, properly may permit him to go on. In a case like the present the court ought not to issue a writ of mandamus to compel the Superior Court to proceed with the trial.

It is contended that the last decree, ordering the plaintiff to pay the sum of $1,000 to the defendants, was erroneous. This part of the decree was intended to give the defendants compensation for their damages, caused by the plaintiff's violation of the injunction. It has been said that, in the absence of statutory authority, the court cannot assess a party's damages for a breach of an injunction, in a proceeding of this kind, and order them paid by the party in contempt. *Swift* v. *State*, 63 Ind. 81. *Morris* v. *Whitehead*, 65 N. C. 637. *In re Pierce*, 44 Wis. 411. *State* v. *Lonsdale*, 48 Wis. 348. *Eads* v. *Brazelton*, 22 Ark. 499.

On the other hand, similar orders have been made without the authority of a statute.  *Wells* v. *Oregon Railway & Navigation Co.* 19 Fed. Rep. 20.  *In re North Bloomfield Gravel Mining Co.* 27 Fed. Rep. 795.  *United States* v. *Atchison, Topeka & Santa Fe Railway,* 16 Fed. Rep. 853.  In New York and Wisconsin, and probably in some other States, there are statutes in regard to this subject.

We do not find it necessary to determine whether this part of the order is regular; for, if it is not, there is a valid adjudication that the plaintiff is in contempt.  The decree referred to is in such a form that the first part of it is complete in itself, as an adjudication that the plaintiff is in contempt, and is separable from the last part, ordering the payment of damages.

We have considered the case on the merits, without passing on the question whether the petitioner has exhausted his rights in other forms of proceeding, so as to be entitled to make an application for this extraordinary remedy.

*Petition dismissed.*