CHARLES L. MANSER *vs.* SECRETARY OF THE COMMONWEALTH.

Suffolk.   October 7, 1938. — October 10, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Elections.*

The time within which one nominated as a candidate for a State office by nomination papers may withdraw his name from nomination is governed by G. L. (Ter. Ed.) c. 53, § 13, as amended by St. 1937, c. 26; c. 77, § 4.

PETITION filed in the Supreme Judicial Court for the county of Suffolk on October 4, 1938, for a writ of mandamus.

The case was reserved for the full court by *Cox*, J.

*R. S. Wilkins*, (*J. L. Hurley* with him,) for the petitioner.

*E. O. Proctor*, Assistant Attorney General, for the respondent.

FIELD, C.J. This is a petition for a writ of mandamus. The respondent is the Secretary of the Commonwealth. The petitioner has filed with the respondent nomination papers as a candidate for Governor of the Commonwealth to be voted for at the next State election. On or before September 26, 1938, he attempted to file with the respondent a request for the withdrawal of his name from such nomination. The respondent refused, and still refuses, to accept such withdrawal, and intends to cause the ballots for said State election to be printed showing the petitioner as a candidate for Governor. The petitioner prays that a writ of mandamus issue commanding the respondent "to receive the said withdrawal and to treat said withdrawal as legal and effective, and further commanding the respondent to omit the petitioner's name as a candidate for the office of Governor of the Commonwealth in the printing of the ballots for the election." The case was heard by a single justice of this court who, at the request of the parties, reserved it without decision "upon all questions of law raised by the petition, answer, the traverse of the petitioner, and the agreed statement of facts" for the determination of the full court. See G. L. (Ter. Ed.) c. 211, § 6; c. 231, § 111; *Campbell* v. *Justices of the Superior Court*, 187 Mass. 509, 510.

It is the duty of the respondent to prepare ballots for use at the State election, G. L. (Ter. Ed.) c. 54, § 40, and this duty includes placing the petitioner's name upon the ballot as a candidate for Governor or omitting it therefrom as the law may require. The respondent makes no contention that mandamus is not a proper remedy to compel him to perform his duty in this respect, that the petitioner is not a proper party to bring a petition for a writ of mandamus to compel such performance, or that the petition in this case is not adequate in form. See *Prescott* v. *Secretary of the Commonwealth*, 299 Mass. 191; *Bigney* v. *Secre-*

*tary of the Commonwealth, ante,* 107.   Furthermore, it is
not contended that the petitioner's request for the with-
drawal of his name from nomination is not in proper form.
The sole question argued is whether, in view of the time
when the petitioner's request for withdrawal was made, the
respondent, as matter of law, is required to receive the
withdrawal and to omit the petitioner's name from the
ballot as a candidate for Governor.

It is clear that, if the petitioner's right to withdraw his
name from nomination is governed by G. L. (Ter. Ed.)
c. 53, § 13, as amended by St. 1937, c. 26, and St. 1937,
c. 77, § 4, his request for withdrawal was not made season-
ably and the respondent was prohibited from receiving it.
Material provisions of this section are as follows: "A per-
son nominated as a candidate for any state, city or town
office may withdraw his name from nomination by a request
signed and duly acknowledged by him, and filed with the
officer with whom the nomination was filed, within the
time prescribed by section eleven for filing objections to
certificates of nomination and nomination papers and no
such requests for withdrawals shall be received after such
time has expired."   The time fixed by this section for with-
drawal of a name from nomination for a State office expired
on August 5, 1938.   See G. L. (Ter. Ed.) c. 53, § 10, as
amended by St. 1938, c. 373, § 4; § 11, as amended by St.
1937, c. 212, § 1; G. L. (Ter. Ed.) c. 54, § 62, as amended
by St. 1935, c. 257, § 5.   It does not appear that the peti-
tioner's attempt to file a request for withdrawal was made
before September 26, 1938.

The petitioner contends that his right to withdraw his
name from nomination is not governed by G. L. (Ter. Ed.)
c. 53, § 13, as amended, for the reason that this section is
not applicable to a person nominated as a candidate for a
State office by nomination papers.   This contention cannot
be sustained.

G. L. (Ter. Ed.) c. 53, § 13, as amended, purports to
authorize a "person nominated as a candidate for any
state . . . office" to withdraw his name from nomination
in the manner and within the time stated.   The phrase

quoted is broad enough to include any person nominated, regardless of the manner in which he was nominated — even a person nominated at the State primary. But G. L. (Ter. Ed.) c. 53, § 53A, makes a specific provision for withdrawal by a person nominated at the State primary which is inconsistent with the provision of § 13, and such specific provision necessarily controls the general provision of § 13. For this reason, if not for others, persons nominated as candidates at the State primary are excluded from the application of § 13.

There is, however, no specific provision for withdrawal by a person nominated for a State office by nomination papers, apart from § 13, which, as in the case of a person nominated at the State primary, would exclude a person nominated by nomination papers from the application of this section, and the phrase therein "A person nominated as a candidate for any state . . . office" naturally includes a person nominated by nomination papers. Indeed there is nothing in the terms of § 13 indicating that it is not as fully applicable to persons nominated by nomination papers as to those whose nominations are evidenced or made effective by certificates of nomination. (The latter class of persons does not include persons nominated at a State primary, but obviously does include persons nominated at conventions of parties which are not political parties. See G. L. [Ter. Ed.] c. 53, §§ 1, 2, 4, 5, 8, 10, and various amendments. See St. 1938, c. 373, § 4. Whether this class includes also any person nominated under G. L. [Ter. Ed.] c. 53, § 14, to fill a vacancy we need not inquire.) On the other hand, the fact that § 13 fixes the time within which withdrawals must be made by reference to § 11, which fixes the time for filing objections, not only to certificates of nomination but also to nomination papers, is an indication that the provisions of § 13, like those of § 11, extend to persons nominated by nomination papers. Moreover, an interpretation of § 13 as inapplicable to persons nominated by nomination papers would leave such persons without any express provision for withdrawal — a result not lightly to be attributed to statutes of such com-

prehensive nature as those relating to elections. And it would leave only a narrow field for the operation of § 13. But an interpretation of § 13 as including within its scope, in accordance with its natural meaning, persons nominated by nomination papers results in a uniform application to all nominations for State offices of the principle that the right of withdrawal does not extend beyond the time fixed for filing objections to nominations. See G. L. (Ter. Ed.) c. 53, § 53A. Finally, § 13, as here interpreted, is not even remotely in conflict with any other statutory provision.

Ever since provision was first made for the use of official ballots at State elections by St. 1888, c. 436, the statutes have provided for the nomination of candidates for State offices by nomination papers and for withdrawals from nomination. The provision first made for withdrawals applied in terms to "Any person whose name has been presented as a candidate" and permitted withdrawals up to ten days previous to the day of election. See St. 1888, c. 436, § 8; St. 1889, c. 413, § 8. This provision clearly applied to persons nominated by nomination papers. By St. 1890, c. 436, § 9, however, it was provided that "Objections to certificates of nomination and to nomination papers, and withdrawals· by candidates from nomination, shall, under said chapter four hundred and thirteen, be made within the seventy-two hours succeeding the last day fixed for the filing of such nomination papers." And by St. 1893, c. 417, § 84, the provision for withdrawal was in terms made applicable to a person "nominated as a candidate for any state . . . office in accordance with the provisions of this title" — a title which included provisions for nomination by nomination papers. See Title III, § 77. The conclusion seems inescapable, that these statutes provided for the withdrawal from nomination of persons nominated by nomination papers. And none of the statutory changes which have culminated in G. L. (Ter. Ed.) c. 53, § 13, in its present form discloses any intention on the part of the Legislature to change the law in this respect.

It cannot rightly be said that the change in the statute by which the time for withdrawal was much restricted,

see St. 1890, c. 436, § 9, see now G. L. (Ter. Ed.) c. 53, § 13, shows that the statute which is now G. L. (Ter. Ed.) c. 53, § 13, was not intended to apply to withdrawals by persons nominated by nomination papers, for the reason that the change was made in order that there might be sufficient time for filling vacancies caused by withdrawals and that no provision has ever been made for the substitution of another candidate for a candidate nominated by nomination papers who has withdrawn. See G. L. (Ter. Ed.) c. 53, § 14. It is to be observed that the change of time for withdrawals was made (St. 1890, c. 436, § 9) before there was any statutory provision for filling any vacancies caused by withdrawal. St. 1890, c. 436, § 4; St. 1891, c. 278. We do not discuss the soundness of the premise that there is no statutory provision for substituting a candidate for a candidate nominated by nomination papers who has withdrawn, or enter upon a detailed analysis of the section of the statute (now G. L. [Ter. Ed.] c. 53, § 14) providing for filling vacancies caused by withdrawals. In any event, the little additional time provided in some circumstances by that section, and the like sections in earlier statutes, for filling vacancies caused by withdrawals can hardly have been the sole ground for so narrowly limiting the time for withdrawals. We find nothing in that section, or in its history, which impliedly excludes persons nominated for State offices by nomination papers from the application of what is now G. L. (Ter. Ed.) c. 53, § 13, as amended.

The petitioner's contention that G. L. (Ter. Ed.) c. 53, § 13, is inapplicable to a person nominated by nomination papers rests in part upon arguments from its apparent purpose and from public policy. Those arguments have force only as they affect the interpretation of the section. Undoubtedly, as was said in *Morrison* v. *Selectmen of Weymouth*, 279 Mass. 486, 492: "A statute as a whole ought, if possible, to be so construed as to make it an effectual piece of legislation in harmony with common sense and sound reason." But full recognition of this principle does not lead to an interpretation of § 13 contrary to that here

made upon an examination of its language in the light of the election laws as a whole, and of their history. The petitioner argues, in substance, that the name of a person who does not wish to be a candidate ought not to be placed upon the ballot, and that its presence there would tend to confuse the voters and interfere with a free expression of the popular will. See *Blackmer* v. *Hildreth*, 181 Mass. 29, 31; *Bordwell* v. *Williams*, 173 Cal. 283, 287. The Legislature appears to have recognized the force of these considerations by providing expressly for withdrawals by persons however nominated. And it was for the Legislature to determine at what time, in the orderly conduct of elections, the right to withdraw should terminate. The limitation upon the time for withdrawal fixed by § 13 is not so clearly unreasonable as applied to persons nominated by nomination papers that it is to be inferred that the Legislature did not intend this section to apply to such persons. Such an inference cannot rightly be drawn from the fact that the period before election day within which withdrawal cannot be made is longer than ordinarily would be required for printing the ballots. An argument on this ground for excluding persons nominated by nomination papers from the application of § 13 would apply with almost as great force to persons whose nominations were evidenced or made effective by certificates of nomination and who undoubtedly are within the scope of § 13. We cannot, however, rightly assume that the only actual or reasonable purpose of § 13 was to insure ample time for printing the ballots.

The petitioner contends that § 13 should not be interpreted as applying to persons nominated for State offices by nomination papers, because, under the section so interpreted, the time for withdrawal expires before the result of the State primary can be ascertained. Whether this is a desirable result was for the Legislature to determine. Opinions may differ. In any event this result is not so clearly unreasonable as to indicate that it was not intended by the Legislature. Similar considerations apply to the petitioner's contention that, since he "did not represent any political or other group, no harm would be occasioned.

to any one by allowing his name to be withdrawn." Neither the apparent purpose of § 13 nor any ground of public policy warrants a departure from the natural interpretation of § 13 that it applies to a person, in the position of the petitioner, who has been nominated for a State office by nomination papers.

The petitioner relies upon an opinion dated October 10, 1934, of the then Attorney General given to the Secretary of the Commonwealth interpreting G. L. (Ter. Ed.) c. 53, § 13, in accordance with the petitioner's contention, and upon the fact that this section was thereafter amended by St. 1937, c. 26, and by St. 1937, c. 77, § 4. This opinion was given after the statute, now said § 13, had remained in substantially the same form for many years. See St. 1898, c. 548, § 148. It "was the sole interpretation, judicial or administrative," of the section existing prior to September 23, 1938. It was not, so far as appears, made the basis of any long continued and well known administrative practice. The amendments of § 13 made in 1937 did not touch the statutory words which are significant upon the question of construction now presented or amount to a legislative use of these words in the light of the opinion. The case does not fall within the authorities cited by the petitioner, where under different circumstances administrative construction and usage have been relied on in determining the meaning of a statute.

*Petition dismissed.*