Fecteau, J.
This is an action to quiet title to real estate. The particular matter presently before the court concerns a complaint for contempt involving an allegation by the plaintiffs that the defendant has violated an order of the court, Burnes, J., by filing another civil action, under Civil Action No. 00-0221, concerning the ownership of 10 Bourne Street, Worcester, after having been permanently enjoined from doing so. Trial was conducted before me on March 2, and March 13, 2000. On April 20, 2000, Findings of Fact and Rulings of Law were entered adjudicating the defendant in civil contempt of this court in having wilfully violated the order of Burnes, J. The defendant was afforded until May 26, 2000, to purge himself of his contempt, and the parties were given until said date to submit oral and/or written arguments concerning the appropriate penalty to be assessed against the defendant.
Upon consideration of the evidence in the case and the arguments of the parties, a judgment of contempt shall enter against the defendant. The defendant is assessed a compensatory fine of $7008.75, payable to the plaintiffs for their attorney fees in defense of Civil Action No. 00-0221 and for their prosecution of the within contempt action.
Furthermore, Civil Action No. 00-0221 is hereby ordered dismissed. In the interest of justice and as a matter of right, a party in contempt of court is not permitted to continue with his case against the other party. Henderson v. Henderson, 329 Mass. 257, 257 (1952). A party, in contempt of court, “cannot proceed to a trial upon the merits . . . [t)he principle is analogous to that which precludes a plaintiff who is non-suited in an action at law from prosecuting a second suit until he has paid the costs.” Campbell v. Justices of Superior Court, 187 Mass. 509, 509 (1905). A party in contempt may not proceed aggressively in court against his adversary. Id.
Traditionally, courts allow a party in contempt of court a designated time period to cure the contempt prior to dismissing the case. See Henderson v. Henderson, 329 Mass. at 257. Although “both compensatory and coercive orders are appropriate remedies in civil contempt proceedings,” Giannetti v. Thomas, 32 Mass.App.Ct. 960, 962 (1992), determined by the discretion of the trial judge, in this case, the court only imposes compensatory orders. In addition to imposing attorneys fees to compensate the plaintiff, this court also, sua sponte,[1] DISMISSES Civil Action No. 00-0221, to compensate the plaintiff and in anticipation of any future costs which may be imposed on the plaintiff in relation to the future litigation of said Civil Action.

ORDER

Based on the aforementioned reasons, this court hereby ORDERS (1) defendant is assessed a compensatory fine of $7008.75, payable to the plaintiffs for their attorney fees in defense of Civil Action No. 00-0221 and for their prosecution of the within contempt action and (2) Civil Action No. 00-0221 is hereby ordered dismissed. A copy of the findings of fact, rulings of law and order for judgment in connection with this contempt proceeding as well as a copy of this order for judgment is to be docketed and placed in the file of case No. 00-0221.

 'This is a situation similar to a party being held in civil contempt of court for violating a discovery order. In such a case, the court may dismiss the action or any part thereof, or may render a default judgment against the disobedient party. Mass.R.Civ.P. 37(b)(2)(C).