## IN THE MATTER OF JOHN C. RHODES.

A fine for contempt is a punishment for a wrong to the State, and goes to the State.

Bear v. Cohen, ante, cited and approved.

Attachment for contempt heard at Chambers before *Watts, J.*

In the case of *Bear* v. *Cohen*, *ante* 511, his Honor directed that the goods seized under an attachment by the Sheriff of Wayne County, should be delivered to the defendants; and it appearing to the Court, that the Sheriff, who is the petitioner, had failed to re-deliver the goods he ordered at Wilson, on the 24th of May, 1871, "That the Sheriff, Rhodes, pay into Court two thousand dollars for the use of the defendants, (in that action,) as damages for the unlawful detention of the same, unless he, the said Rhodes, shall within twenty-four hours after the notice of the order, deliver said stock of goods to the Attorney of Record of said defendants, or his appointees."

The goods were accordingly delivered, and Rhodes obtained a *certiorari*, to review the action of his Honor.

*Faircloth* and *Bragg & Strong*, for petitioner.
*Seymour*, contra.

RODMAN, J, After the order of the 12th of May, in the case of *Bear* v. *Cohen*, reported *ante* 511, that the Sheriff of Wayne should re-deliver the goods to the defendants, his Honor Judge

In the matter of John C. Rhodes.

Watts, it appearing to him that the Sheriff had failed to re-deliver the goods accordingly, at Wilson on the 24th of May, ordered that the Sheriff (Rhodes) "pay into the Court two thousand dollars for the use of the defendants, (in that action,) as damages for the unlawful detention of the same, (the stock of goods,) unless he, the said Rhodes, shall within twenty-four hours, after the notice of the order, deliver said stock of goods to the Attorney of Record of said defendant, or his appointee."

The goods were accordingly delivered to the defendant.

The Sheriff, Rhodes, obtained a *certiorari* from this Court, under which, the order of his Honor comes up for review.

In the principle case, *Bear* v. *Cohen, ante,* p. 511, we have already decided, that his Honor had no jurisdiction to make an order for the re-delivery of the goods. For the same reason he had no jurisdiction to fine the Sheriff of Wayne, for disobedience of that order. His judgment to that effect was therefore void.

We think it our duty also, to notice another point in the present case, lest our silence may be considered an approval of the order fining the Sheriff. Supposing the Judge to have had jurisdiction of the case, and that his order of the 12th of May, was lawful, he might have fined the Sheriff for a contempt of Court, in disobeying it. But a fine for contempt is a punishment for a wrong to the State, and goes to the State. We know of no law by which a Judge can direct a fine for a contempt of his Court, to be paid to a party to a suit, or can assess in favor of such party, damages which he has sustained by the delay or refusal of the Sheriff to obey an order in the cause.

We asked to be referred to some precedent, for such an order, but none was found. The order of the 24th of May, above referred to, is void.

Per Curiam.                                        Error.