JOSEPH MORRIS v. J. D. WHITEHEAD et al.

.A District Court Judge is not authorized to dissolve injunctions, or to punish parties for a contempt in disobeying an injunction order, except in his own district, unless he has been duly assigned to hold the Court in the County where the original process is returnable.

It is a novelty unknown to the law, for a Judge to order the penalty inflicted upon a party for a contempt of Court to be paid to the party aggrieved. The State alone is entitled to the penalty.

Bear v. Cohen, ante 511; In the matter of Rhodes, at this Term, cited and approved.

Motion, to dissolve an injunction, and for an attachment for contempt, heard before Watts, J., at Chambers.

For a proper understanding of this case, the facts are sufficiently stated in the opinion of the Court.

Bragg & Strong and Faircloth, for appellants.
Phillips & Merrimon and Seymour tor plaintiff.

Rodman, J. Statement of the case:

On 21st April, 1871, the plaintiff issued a summons against Whitehead, Whitehurst and Wood, returnable to Fall Term, 1871, of Wayne Superior Court. This was served on Wood, alone, no publication was made for the other defendants. The plaintiff filed a complaint, in which he alleged that one Abram Cohen had mortgaged to him a certain stock of goods, by deed registered on 1st February, 1871. That Whitehead and Whitehurst, (non-residents of the State) in April, 1871, recovered a judgment against Cohen, and took out execution, which was levied by Wood, a constable, on the said goods. They pray an injunction against the defendants from selling or disposing of the goods. Upon the summons and complaint, the Judge of the Third District ordered that the defendants appear before him, on the 27th April, and show cause why

they should not be enjoined from selling or otherwise disposing of the goods. This was served on Wood alone. The record does not show that any other enjoining order was ever made. On 27th April the plaintiff made oath, that Wood had attempted to sell the goods, notwithstanding the injunction. The Judge then notified Wood to appear before him on 3d May, and show cause why he should not be attached for a contempt. On the 4th May, Wood appeared before Judge Watts, and made an affidavit, in which he denied having attempted to sell the goods. How Judge Watts came to be acting in the 3d district, he being Judge of the 6th district, is stated in *Bear* v. *Cohen, ante p.* 511, Judge Watts being in Craven County and holding a Superior Court there, adjudged that Wood had committed a contempt of court in disobeying the injunction and ordered him "into the custody of the Sheriff of Craven, to be discharged on paying into Court, for the use of the plaintiff, one hundred and fifty dollars, the said sum being the amount of damages sustained by said Morris, as assessed by the Court."

The Judge further issued an order to the Sheriff of Wayne, directing him to take from Wood the goods formerly taken by him from Cohen, and deliver them to the plaintiff Morris, which the Sheriff returns that he did. Whether Wood ever paid the damages assessed by his Honor, the record does not disclose, but it may be presumed that he did. In the case of *Bear* v. *Cohen, ante* 511, we have decided that Judge Watts had no jurisdiction in a case pending in the Superior Court of Wayne. Consequently his orders in the present case were void.

We have also said in the matter of Rhodes, at this term, that even if he had jurisdiction of the case, he had no authority to fine the defendant Wood for contempt, and order the fine to be paid to the plaintiff, as his damages from the breach of the injunction, assessed by the Court. On the argument in this Court, these proceedings were not attempted to be justified, and it is therefore unnecessary to do more than refer to those cases.

For obvious reasons, we forbear to say more upon these points than is strictly necessary.

It is ordered that the plaintiff, Morris, restore to the defendant, Wood, the goods mentioned in the order of Judge Watts, of the 4th May ; and also that he immediately restore to the said Wood the sum of one hundred and fifty dollars, paid by said Wood to said Morris, under color of the order of Judge Watts, dated 4th May, 1871.

Wood will recover of the plaintiff his costs in this Court.

PER CURIAM.                    Judgment affirmed.