(No. 23038. ▮▮▮)
CARL J. HALLBERG, Plaintiff in Error, *vs.* GOLDBLATT BROS. INC. *et al.* Defendants in Error.

*Opinion filed December 16, 1935—Rehearing denied April 15, 1936.*

ORR, J., dissenting.

SAMUEL A. & LEONARD B. ETTELSON, (SAMUEL A. ETTELSON, EDWARD C. HIGGINS, and CARL J. APPELL, of counsel,) for plaintiff in error.

WILSON & MCILVAINE, and PRITZKER & PRITZKER, (CLAY JUDSON, W. P. GILBERT, GILBERT H. OSGOOD, and STANFORD CLINTON, of counsel,) for defendants in error.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Carl J. Hallberg filed his amended complaint in the superior court of Cook county on March 11, 1935, against Goldblatt Bros., Inc., the Shopping News, Inc., and the city of Chicago. He asked that the first two defendants be enjoined from distributing their advertisements on the streets, etc., and that the city be enjoined from permitting such distribution. On March 12, 1935, sworn answers de-

nying the material allegations were filed, together with 173 affidavits. On March 13, 1935, the trial court granted a temporary injunction forbidding distribution of these advertisements in Chicago unless they were fastened securely enough to prevent the wind from scattering them. On March 14 defendants gave notice of appeal, and also filed the record, abstract, briefs and appeal bond with the clerk of the Appellate Court. They also filed a motion, and notified the plaintiff that on the next day they would ask the Appellate Court to stay the temporary injunction. On March 15 the motion was argued, and the appellee, Hallberg, was given until 10:00 o'clock on March 18 to file a brief, which he did. Later, on March 18, the motion was allowed and the trial court's injunction order was stayed pending the appeal therefrom. On March 19 Hallberg filed a motion to vacate the stay order. He alleged in this motion that the order had been issued without a hearing, and that section 78 of the Civil Practice act did not require notice or a hearing on such application for a stay, and that it was therefore repugnant to section 2 of article 2 of our constitution. He also alleged that by making the decision of the Appellate Court final in an appeal from an order of the trial court awarding a temporary injunction section 78 violates section 11 of article 6 of our constitution. The motion was denied. On March 23, 1935, Hallberg sued out this writ of error and obtained a *supersedeas* from this court staying the order of the Appellate Court. On March 30, 1935, the defendants in error filed their motion to vacate the *supersedeas* order and to dismiss the writ of error. In support of this motion defendants in error urge that the action of the Appellate Court was not final and is therefore not reviewable by this court; that the motion for a stay order was fully argued in the Appellate Court; that section 78 of the Civil Practice act is constitutional; that Hallberg did not present to the judge of this court to whom his application for a *supersedeas* was

made, an abstract, brief of points and authorities and the record of the case in the Appellate Court, in accordance with Rule 37 of this court; that he failed to serve defendants in error with a copy of his *supersedeas* bond; that the rules of this court and section 82 of the Civil Practice act require a notice to be served upon defendants in error advising them that Hallberg would ask for a *supersedeas,* and, further, that Hallberg should either have filed his motion and proof of service with the clerk of this court, and, if service on defendants in error was impracticable, he should have made an affidavit to that effect. This motion was ordered taken with the case.

We will consider first that part of the motion asking that the *supersedeas* be vacated. Section 82 of the Civil Practice act provides: "(1) An appeal to the Appellate or Supreme Court shall operate as a *supersedeas* only if and when the appellant, after *notice* duly served, shall give and file a bond, in a reasonable amount, to secure the adverse party." The latter part of the section provides for the filing of a *supersedeas* bond. The second paragraph of Rule 37 of this court requires that where a *supersedeas* is sought in a reviewing court, "every such application must be accompanied by a proper affidavit of some credible person showing the sufficiency of the proffered bond, and by proof of the service of a copy of such bond upon the opposing parties in the manner provided for the service of briefs and abstracts." While section 82 and Rule 37 of this court do not mention writs of error, Rule 28 makes the requirements of the Civil Practice act and our rules applicable "in criminal cases and in civil cases where writ of error is preserved as a method of review." It follows, therefore, that the plaintiff in error was bound by the requirements of section 82 of the Civil Practice act and Rule 37, and Rule 49, which requires notice of all motions to be given the opposing parties. Since he failed to comply therewith, the order making the writ of error a

*supersedeas* was improperly made and must be vacated. But that part of the motion asking that the writ of error be dismissed must be denied. In *Bagdonas* v. *Liberty Land and Investment Co.* 309 Ill. 103, defendants in error moved to dismiss the writ of error for the reason that section 91 of the 1907 Practice act authorized writs of error only in case of final judgments of inferior courts, and that since the judgment of the Appellate Court there sought to be reviewed was on an interlocutory order, this court had no jurisdiction to review it. In other words, that since the whole matter of the review of interlocutory orders was statutory we were bound by the statute. But we held that this court's jurisdiction of cases involving the validity of statutes is conferred by section 11 of article 6 of the constitution and not by statute. We also held that the judgment of the Appellate Court on a constitutional question which had been raised there for the first time was subject to review by writ of error in this court. In the case before us, as in the *Bagdonas case,* the jurisdiction of this court depends upon the fact that a constitutional question is involved, and if it were not for that fact we would have no jurisdiction. It is therefore immaterial whether the Appellate Court's orders of March 18 and 19 were interlocutory or final.

The defendants in error contend that plaintiff in error waived the constitutional objections by failing to present them in resisting the motion for a stay order. We cannot agree with this. The questions involved the validity of a statute and were presented to the Appellate Court for its decision.

Plaintiff in error contends that he was denied due process of law, and insists that, in fact, no hearing was had on the motion for a stay order in the Appellate Court. His own showing is, that when the motion was argued on March 15 his counsel was given until 10:00 o'clock of the 18th, and that the court was busy from that hour until it

reached the motion and announced the stay order. This does not substantiate the claim that he was denied due process.

Plaintiff in error also contends that section 78 of the Civil Practice act contravenes section 2 of article 2 of our constitution, in that it does not require notice and hearing as conditions precedent to the entry of a stay order in the Appellate Court. The section governs appeals from such interlocutory orders as the temporary injunction issued by the trial court. It provides that the force and effect of such interlocutory orders and the proceedings in the court below shall not be stayed during the pendency of the appeal except upon order of the Appellate Court or a judge thereof in vacation, but it commands that upon the filing of the record in the Appellate Court the case shall be docketed at once and "shall be ready for hearing under the rules of said court, taking precedence of other cases in said court." This reference to a "hearing" means that no action with reference to the appeal can be taken until the parties have had notice thereof and opportunity to be heard. In addition the section requires conformity to the "rules of said court."

It is argued that the appeal and stay order are creatures of the statute, and that all that could be done demanded statutory authority. However, if that were true, section 79 of the Civil Practice act provides that this court may by general rules regulate procedure and practice on appeal in the Appellate and Supreme Courts. This court had adopted Rule 31 before the appeal was taken in this case. We held that the rules of this court are binding upon inferior courts, in the decision in *People* v. *Callopy,* 358 Ill. 11. Rule 31 requires that "neither the Appellate Court nor a judge thereof in vacation shall stay the force and effect of an interlocutory order or decree or the proceedings of the court below during the pendency of an interlocutory appeal, except upon notice to opposite parties and

an opportunity on their part to be heard and upon examination of the record. No motion to stay shall be entertained until the complete record has been filed in the Appellate Court, and no such stay shall be granted except after hearing and after filing of bond by appellant in an amount and subject to conditions to be fixed by the court or judge." This rule is binding upon the Appellate Courts and is a part of the rules of court referred to in section 78 of the Civil Practice act. This section is not open to the attack made by plaintiff in error and affords due process of law.

Whether or not plaintiff in error was a proper party plaintiff in the trial court is a question that is not presented by this record and need not be considered. Both sides admit that the questions presented are not moot. That question, therefore, need not be considered.

For the reasons given, the order of the Appellate Court of March 18 staying the injunction issued by the trial court, and the order of March 19 denying the motion to vacate it, are affirmed.

*Orders affirmed.*

Mr. JUSTICE ORR, dissenting:

The original act in relation to interlocutory appeals provided that such appeals must be taken within thirty days from the entry of the judgment appealed from and perfected in the Appellate Court within sixty days from the date of such order; that such interlocutory appeals should be at once docketed in the Appellate Court and should take precedence of other cases, and that the force and effect of such interlocutory order and the proceedings in the court below should not be stayed during the pendency of such appeal. (Cahill's Stat. 1931, chap. 110, par. 122.) The new Practice act has made certain material changes in this regard which I believe are unconstitutional and deprive plaintiff in error of his constitutional right to due process of law. The new Practice act first lays down the general rule that such appeals shall be taken and the record "filed

in said Appellate Court within thirty days from the entry of such interlocutory order or decree," but thereupon adds: "provided further that the time for filing such record may be extended by an order of the Appellate Court or by a judge thereof in vacation." Ill. State Bar Stat. 1935, chap. 110, par. 206.

It will be observed that this proviso in effect nullifies the mandatory provision of the old statute which required the appeal to be perfected within sixty days, but makes it possible, with the permission of the court or a judge thereof, to delay indefinitely the filing of the record in the Appellate Court. Manifestly, this is contrary to the spirit of the interlocutory appeals act as originally adopted, for it was then regarded as essential that such interlocutory matters should be speedily decided, so as not to unduly delay the main case.

While the original act provided that the force and effect of such interlocutory order and the proceedings in the court below should not be stayed during the pendency of such appeal, the new act adds the proviso, "except upon order of the Appellate Court or a judge thereof in vacation." This court has heretofore held that in the case of an appeal from a final decree granting an injunction, the appeal, even though it constitutes a *supersedeas,* does not stay a prohibitory injunction during the pendency of the appeal, the purpose of a *supersedeas* being merely to maintain the *status quo* during the pendency of the appeal and not to authorize either party to do any affirmative acts that would disturb the *status quo.* (*Barnes & Co.* v. *Chicago Typographical Union,* 232 Ill. 402; *Hohenadel* v. *Steele,* 237 id. 229; *People* v. *David,* 328 id. 230.) The above section of the new Practice act, however, purports to empower the Appellate Court, or a judge thereof in vacation, to stay the "force and effect of such interlocutory order or decree." That is a much greater power than that of issuing a common law *supersedeas.* The act in question thus purports to give to the Appellate Court, or a judge thereof, a much

greater power over an interlocutory appeal than over an appeal from a final decree. *Barnes & Co.* v. *Chicago Typographical Union, supra.*

The substance of a temporary injunction is its temporary efficacy. If that is stayed then the temporary injunction is to all intents or purposes wiped out and the very merits of the case have been adjudicated. The fact that an act purports to clothe the court or judge with such unusual power would not of itself render the act unconstitutional, but in this case the matter is aggravated by the fact that the act permits this to be done by the court, or a judge thereof, on mere motion, before there has been a hearing on the merits and before even the record has been filed in the Appellate Court. It is no answer to say that the court or judge would not ordinarily do that. As this court has repeatedly said, the validity of a statute depends upon what it permits to be done—not on what is actually done under it. Mere process is not necessarily due process of law. A statute which thus permits the court or a judge thereof to summarily adjudicate the very merits of a case on a mere motion in advance of a hearing, and even before the record has been filed, is lacking in the elements of due process of law, and therefore violative of the constitution of this State. *Walter Cabinet Co.* v. *Russell,* 250 Ill. 416; *Galphin* v. *Page,* 18 Wall. 350; *People* v. *Supervisors,* 70 N. Y. 234.

Section 78 of the Practice act of 1933, which purports to empower the Appellate Court, or a judge thereof in vacation, to stay the force and effect of the interlocutory order or decree appealed from, during the pendency of the appeal, is, in my opinion, unconstitutional and void. The orders of the Appellate Court should therefore have been reversed.